IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON A. FIELDS, | : | Civil No. 1:25-CV-01069 |
| Petitioner, | : | |
| v. | : | |
| J. FRITH, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

### **MEMORANDUM**

Before the court is Respondent's suggestion of mootness in the above captioned action. (Doc. 7.) Because it appears that Aaron A. Fields ("Petitioner") has received the relief sought in his petition filed pursuant to 28 U.S.C. § 2241, the court will dismiss the petition as moot.

### PROCEDURAL HISTORY AND BACKGROUND

Petitioner, an inmate currently held at the Federal Correctional Institution Schuylkill ("FCI-Schuylkill"), initiated this action by filing a Section 2241 petition in June of 2025 challenging the Bureau of Prison's determination that he was not eligible to earn time credits under the First Step Act ("FSA"). (Doc. 1.) On August 29, 2025, Respondent filed a suggestion of mootness stating that on August 7, 2025, Petitioner's First Step Act Time Credit Assessment was reviewed and the Bureau of Prisons determined that Petitioner was eligible to earn time credits under the FSA. (Doc. 7.) On September 2, 2025, the court entered an order granting

1

Petitioner the opportunity to respond to the suggestion of mootness by September 23, 2025. (Doc. 8.) As of the date of this memorandum, no response has been received by the court.

## VENUE

A § 2241 petition must be filed in the district where the petitioner is in custody. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the person who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Petitioner is being held at FCI-Schuylkill in Schuylkill County, Pennsylvania, which is in this district. *See* 28 U.S.C. § 118(b). Therefore, this court is the proper venue for the action.

## DISCUSSION

Article III of the Constitution limits the judicial power of the United States to "cases" and "controversies." U.S. Constitution, art. III, § 2. "This case-or-controversy limitation, in turn, is crucial in 'ensuring that the Federal Judiciary respects the proper—and properly limited—role of the courts in a democratic society.'" *Plains All Am. Pipeline L.P. v. Cook*, 866 F.3d 534, 539 (3d Cir. 2017) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006)). "And courts enforce it 'through the several justiciability doctrines that cluster about Article III,' including 'standing, ripeness, mootness, the political-question doctrine, and the

prohibition on advisory opinions.'" *Id.* (quoting *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 137 (3d Cir. 2009)).

Respondent has raised a question of mootness, which is "a doctrine that 'ensures that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit,'" and which "is 'concerned with the court's ability to grant effective relief.'" *Hamilton v. Bromley*, 862 F.3d 329, 335 (3d Cir. 2017) (quoting *Freedom from Religion Found. Inc. v. New Kensington Arnold Sch. Dist.*, 832 F.3d 469, 476 (3d Cir. 2016), and *Cnty. of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001)). "[F]ederal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). And "[i]t is a basic principle of Article III that a justiciable case or controversy must remain 'extant at all stages of review, not merely at the time the complaint is filed.'" *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)).

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). In other words, "a case is moot if 'developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or

prevent a court from being able to grant the requested relief.'" *Hamilton*, 862 F.3d at 335 (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996)).

Here, Respondent asserts that the relief Petitioner sought in his petition has been provided by the Bureau of Prisons. (Doc. 7.) Because Petitioner did not respond to the suggestion of mootness, the court deems this filing unopposed and will dismiss the petition.

## CONCLUSION

For the above stated reasons, the court will dismiss the petition as moot and close the case.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: November 3, 2025